UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **FARAH IBRAHIM**, et al.,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>**JUAN ACOSTA, Assistant Field Office Director**, et al.,<br><br>Respondents and Defendants. | Case No. 1:17-CV-24574-DPG<br><br>CLASS ACTION |

**PLAINTIFFS' MOTION FOR CONTEMPT OR
IN THE ALTERNATIVE TO ENFORCE COURT ORDER**

COMES NOW, Plaintiffs/Petitioners (hereinafter "Plaintiffs"), by and through undersigned counsel, and hereby respectfully move this Honorable Court to find Defendants in contempt, or in violation of its order of December 19, 2017, with respect to Plaintiffs and the other Somali nationals detained at Glades County Detention Center, and, in support thereof state as follows:

1. This action arises from the U.S. government's botched attempt to deport 92 Somalis on December 7, 2017, during which Plaintiffs and the other Somali nationals were shackled and forced to remain seated inside a plane for two days where they were physically abused and injured. D.E. 1. Plaintiffs seek meaningful access to reopen their removal proceedings based on changed circumstances in Somalia that present a significant threat to their lives if they are returned. *Id.*

2. On December 19, 2017, in connection with a temporary restraining order this Court ordered Defendants to "provide Plaintiffs with reasonable access to their attorneys" and to "provide Plaintiffs with adequate medical treatment for any injuries they have sustained." D.E. 14.

Over three weeks later, Defendants have yet to comply with the Court's Order to provide reasonable attorney access or medical treatment to the 51 men and women detained at the Glades County Detention Center ("Glades"), a county jail in Moore Haven, Florida operated by the Glades County Sheriff's Office.[1]

3. Undersigned counsel, together with other pro bono and private attorneys, have moved swiftly to travel to Glades and meet with the Somali men and women in groups and individually. But the failure of Defendants to abide by the Court's Order has thwarted the ability of attorneys to expeditiously prepare and file motions to reopen on behalf of the Somali men and women.

4. On January 8, 2018, counsel filed an administrative complaint with the Office of the Inspector General of the Department of Homeland Security ("OIG Complaint") against Glades that included claims of denial of attorney access and medical treatment, as well as physical and verbal abuse. *See* Exhibit 1, OIG Complaint, Attached. To date, there has been no response to this complaint.

5. This motion is supported by the attached Memorandum of Law, the OIG Complaint (including supporting declarations), and the declaration of Jessica Shulruff-Schneider.[2] *See* Exhibit 2, Shulruff-Schneider Declaration, Attached.

6. The Court should require Defendants, within 7 days of the Court's Order, to either (1) transfer Plaintiffs to Krome Service Processing Center in Miami, Florida or another detention

---

[1] The remaining Somali nationals who were on the December 7 flight are being held at Krome Service Processing Center ("Krome"), a civil detention center run by the federal government, in Miami, Florida. The Krome Plaintiffs are not the subject of this motion.

[2] Should this Court require additional evidence, Plaintiffs request that this Court allow Plaintiffs to conduct discovery.

2

facility in the Southern District of Florida; *or* (2) grant reasonable attorney access at Glades by (a) ensuring a written and accessible system for private attorney-client telephone calls; (b) providing at all times five (5) private contact rooms for attorney-client meetings; (c) permitting presentations with Somali nationals in groups up to 25 and with groups of Somali nationals in segregation in groups up to 8; and (d) permitting private meetings of Somali nationals in segregation with attorneys without the Somali national being shackled. Regarding medical access, the Court should order Defendants and the doctor who treats people at Glades to meet with undersigned counsel to discuss the individual medical cases of the Somali nationals.

      7.     Pursuant to Local Rule 7.1(a)(3), counsel for movant has made reasonable efforts to confer with Defendants' counsel, as detailed in the attached Memorandum of Law.

Dated: January 17, 2018

Respectfully submitted,

By: /s/ Rebecca Sharpless
Rebecca Sharpless
Florida Bar No. 0131024
Immigration Clinic
University of Miami School of Law
1311 Miller Drive Suite E-273
Coral Gables, Florida 33146
Tel: (305) 284-3576, direct
Tel: (305) 284-6092, clinic
Email: rsharpless@law.miami.edu

Andrea Montavon-McKillip
Fla. Bar No. 56401
Legal Aid Service of Broward County, Inc.
491 N. State Rd. 7
Plantation, FL 33317
(954) 736-2493
(954) 736-2484 (fax)
Email: amontavon@legalaid.org

Lisa Lehner
Florida Bar No. 382191

Andrea Crumrine * (Admitted Pro hac vice)
Americans for Immigrant Justice
3000 Biscayne Blvd., Suite 400
Miami, FL 33137
Phone: (305) 573-1106
Email: llehner@aijustice.org
Email: acrumrine@aijustice.org

Benjamin Casper Sanchez* (Admitted Pro hac vice)
James H. Binger Center for New Americans
University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
(612) 625-6484
Email: caspe010@umn.edu

Michele Garnett McKenzie* (Admitted Pro hac vice)
The Advocates for Human Rights
330 Second Avenue South, Suite 800
Minneapolis, MN 55401
(612) 746-4685
Email: mmckenzie@advrights.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Motion For Contempt or In the Alternative to Enforce Court Order was served via electronic filing on January 17, 2018 on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system.

/s/ Rebecca Sharpless

REBECCA SHARPLESS