UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Farah IBRAHIM, Ibrahim MUSA,
Khalid Abdallah MOHMED, Ismail
JIMCALE ABDULLAH, Abdiwali
Ahmed SIYAD, Ismael Abdirashed
MOHAMED, and Khadar Abdi
IBRAHIM on behalf of themselves
and all those similarly situated,
    Plaintiffs/Petitioners,
vs.

Case No. 1:17-cv-24574-DPG

Juan ACOSTA, Assistant Field
Officer Director, Miami Field Office,
Immigration and Customs Enforcement;
David HARDIN, Sheriff of Glades
County; Marc J. MOORE, Field Office
Director, Miami Field Office,
Immigration and Customs Enforcement;
Thomas HOMAN, Acting Director,
Immigration and Customs Enforcement;
Kirstjen NIELSEN, Secretary of Homeland
Security.
    Defendants/Respondents.

_____

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT OR IN THE ALTERNATIVE MOTION TO ENFORCE COURT ORDER**

Plaintiffs, by and through undersigned counsel, hereby reply to the Defendants' response and opposition to plaintiffs' motion for contempt or in the alternative motion to enforce court order and state the following:

**Attorney Access--Telephones**

1. Defendants' concede in their response that there is no way for attorneys to have an unrecorded telephone conversation at Glades County Detention Center with their clients.

2. This deficiency alone violates the court's order that attorneys should have reasonable access.

**Attorney Access—In-Person Meetings**

3. Defendants assert that there are four attorney booths at Glades and attach pictures of the booths to their response.

4. The photographs are not of attorney booths. The photographs are of the regular visitation booths, which do not permit contact and are set up for recording and monitoring of conversations. The visitor and detainee must communicate through a telephone that must be activated by an officer and that is monitored or recorded. There is no way to pass papers or a pen in the booth, as the visitor is completely sealed off from the detainee. It is therefore impossible to work with clients on drafting and reviewing documents in these booths, as is required to prepare a motion to reopen and a supporting declaration.

5. The website of Glades makes clear that the visitation in these booths is subject to being recorded and monitored. *See* http://www.gladessheriff.org/?page=95820&pageid=6.

6. As the attached, and previous, declarations attest, the only room in which an attorney can meet with clients in a confidential and private way is a single contact room. *See* Declaration of Jessica Shulruff Schneider, Exhibit A; Declaration of Lauren Gilbert, Exhibit B; Declaration of Andrea Montavon-McKillip, Exhibit C. This room is not always available, as it is used by the medical staff and U.S. Marshals, among others. *Id*. Defendants did not provide a photograph of this room to the court.

7. Glades also has a large, multipurpose room, which contains televideo equipment that is turned on and that makes noises. Attorneys are sometimes permitted to use this room.

    While it is possible to meet with multiple people at the same time in this room, these conversations are not private and confidential. Defendants did not provide a picture of the multipurpose room to the court.

8. Glades has an average total population of over 300. This is the relevant number by which to judge the attorney visitation space, not the number of Somali detainees.

9. Nothing in the Defendants' response rebuts the Plaintiffs' prior showing that there is insufficient access to attorney visitation rooms at Glades. Essentially, there is one small room that is sometimes available and one multipurpose room that is sometimes available. The only room that is appropriate for attorney interviews is the small contact room, as the multipurpose room has televideo equipment that is turned on and that makes noises.

10. As a result of the inadequate attorney meeting space at Glades, undersigned counsel and other attorneys are forced to work in the multipurpose room, when it is available, conducting multiple interviews at the same time. The space restrictions at Glades are forcing attorneys to conduct client interviews that are not confidential.

11. When Glades staff do not make the contact room or multipurpose room available, attorneys have *no way* of meeting with their clients. For example, on Friday, January 26, 2018, undersigned counsel Andrea Montavon-McKillip went to Glades to meet with clients. Upon arrival, Glades staff informed her that the only meeting space available was a no-contact regular visitation room. *See* Declaration of Andrea Montavon-McKillip. Because the regular visitation room is inappropriate for attorney visits, Ms. Montavon-McKillip was unable to meet with her clients and had to return to her office, losing an entire day's work at Glades. *Id*.

12. In contrast to Glades, Krome has at least five attorney booths, which allow for contact with clients. Krome also has additional visitation areas for no contact visits.

13. The gross limitation on attorney meeting space at Glades violates the court's order that attorneys should have reasonable access. It also interferes with the ability of attorneys to help people detained at Glades to prepare and file motions to reopen.

**Attorney Access--Presentations**

14. Defendants do not dispute that detainees must be permitted to attend the legal presentations of undersigned counsel.

15. Defendants concede that there is a Somali-only rule for legal presentations at Glades. Under this rule, only five Somalis can be in the room at a time.

16. No other nationality or group has such a rule.

17. No such rule exists at Krome.

18. As argued previously, it is unreasonable for Glades to only permit five Somalis to attend a presentation at a time.

19. Defendants give only vague reasons for why Somalis can only be spoken to in groups of five.

20. It appears that Defendants are unlawfully withholding access to legal presentations as a form of disciplinary action or punishment.

21. Defendants argue that this is not a violation of the court's order because legal presentations are not confidential and do not implicate "attorney access." But the Somali nationals have a right to both legal presentations and private and unmonitored conversations with their attorneys. Both types of access fall within the court's order, as they both involve an attorney speaking with Somalis.

22. The unreasonable restrictions on legal presentations to Somali nationals violates the court's order.

**Medical Treatment**

23. Defendants assert that the Somali detainees at Glades are all getting adequate medical treatment and summarize the treatment being given four (4) of the 52 men and women at Glades. Defendants have not provided the actual medical records of these individuals, or any other individuals.

24. Dr. Stephen Symes examined two of the four individuals mentioned by Defendants and he has reviewed the declaration of Nurse Lee. He concludes that neither of the two individuals is getting the standard of care. *See* Declaration of Stephen Symes, Exhibit D.

25. As Dr. Symes discusses in his declaration, Ms. Lee does not work at Glades, has not examined Plaintiffs, and does not appear to have spoken with any medical staff at Glades about the Somali patients. Her conclusions are based only on paper review of the notes of the file.

26. Moreover, Defendants have only provided information regarding four (4) people. By emails on December 22, 2017 and January 7, 2018, undersigned counsel Rebecca Sharpless had raised medical concerns regarding *a total of 23* Somali nationals at Glades. *See* Declaration of Rebecca Sharpless, Exhibit E. Defendants provide no information regarding the remainder of these individuals.

27. Because Defendants still have not agreed to meet to discuss medical issues, undersigned counsel urges the Court to order them to do so. Plaintiffs further move the Court to order Defendants to give undersigned counsel a copy of their medical records.

Undersigned counsel Lisa Lehner asked for Plaintiffs' medical records but has not yet received them.[1]

**Abuse Allegations**

28. Defendants acknowledge that pepper spray is used at Glades, *see* Declaration of Nurse Lee at para. 25, and do not address Plaintiffs' other allegations of abuse.

29. In contrast to Glades, staff at Krome do not use pepper spray against detainees.

FOR THE ABOVE REASONS, Plaintiffs move the Court to hold Defendants in contempt and to order 1) the transfer of all Somali nationals out of Glades County Detention Center to Krome Service Processing Center or the release of them; 2) that Defendants meet with undersigned counsel about medical care; and 3) that Defendants supply undersigned counsel with a copy of the medical records of the Somali nationals at Glades.

Respectfully submitted,

By: /s/ Rebecca Sharpless
Rebecca Sharpless
Florida Bar No. 0131024
Immigration Clinic
University of Miami School of Law
1311 Miller Drive Suite E-273
Coral Gables, Florida 33146
Tel: (305) 284-3576, direct
Tel: (305) 284-6092, clinic
Email: rsharpless@law.miami.edu

Andrea Montavon-McKillip
Fla. Bar No. 56401
Legal Aid Service of Broward County, Inc.
491 N. State Rd. 7
Plantation, FL 33317

---

[1] [1] On January 18, 2018, Co-counsel Lisa Lehner, requested from Defendant Juan Acosta copies of the Somali detainees' medical records, which Mr. Acosta agreed to provide. It appears that the medical records of those detainees housed at Glades were assembled and provided to Nurse Lee, so she could support the Defendants' Response to the Motion for Sanctions. To date, however, these records have not been shared with Plaintiffs' counsel.

(954) 736-2493
(954) 736-2484 (fax)
Email: amontavon@legalaid.org

Lisa Lehner
Florida Bar No. 382191
Andrea Crumrine * (Admitted Pro hac vice)
Americans for Immigrant Justice
3000 Biscayne Blvd., Suite 400
Miami, FL 33137
Phone: (305) 573-1106
Email: llehner@aijustice.org
Email: acrumrine@aijustice.org

Benjamin Casper Sanchez* (Admitted Pro hac vice)
James H. Binger Center for New Americans
University of Minnesota Law School
190 Mondale Hall
229 19th Avenue South
Minneapolis, MN 55455
(612) 625-6484
Email: caspe010@umn.edu

Michele Garnett McKenzie* (Admitted Pro hac vice)
The Advocates for Human Rights
330 Second Avenue South, Suite 800
Minneapolis, MN 55401
(612) 746-4685
Email: mmckenzie@advrights.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Reply to Defendants' Response and Opposition to Motion For Contempt or In the Alternative to Enforce Court Order was served via electronic filing on January 29, 2018 on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system.

/s/ Rebecca Sharpless

REBECCA SHARPLESS