UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24574-CIV-GAYLES

FARAH IBRAHIM; IBRAHIM MUSA;
KHALID ABDALLAH MOHMED; ISMAIL
JIMCALE ABDULLAH;ABDIWALI AHMED SIYAD;
ISMAEL ABDIRASHEED MOHAMED; and
KHAD ABDI IBRAHIM on behalf of
themselves, and all those similarly situated;

       Plaintiffs/Petitioners,

vs.

JUAN ACOSTA, Assistant Filed Office Director,
Miami Field Office, Immigration and Customs
Enforcement; DAVID HARDIN, Sheriff of
Glades County; MARC J. MOORE, Field Office
Director, Miami Field Office, Immigration and
Customs Enforcement; THOMAS HOMAN,
Acting Director, Immigration and Customs
Enforcement; and KIRSTJEN NIELSEN,
Secretary of Homeland Security,

       Defendants/Respondents.
_____/

**DEFENDANTS/RESPONDENTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' CLASS ACTION COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND CLASS PETITION FOR WRIT OF HABEAS CORPUS**

    Defendants/Respondents, by and through their undersigned counsel, in answer to the

numbered paragraphs of the complaint, hereby admit, deny, and allege as follows:

INTRODUCTION

    1.  The allegations in the first and second sentences of paragraph one are denied.  The

allegation in the third sentence of paragraph one is admitted.   The allegations in the fourth

sentence of paragraph one are denied.

    2.  The allegations in paragraph two are denied.

3.  The allegations in paragraph three are admitted.

4.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph four.   Consequently, the allegations are denied.

5.  The allegations in paragraph five are denied.

6.  Defendants admit only that Mary Harper provided a declaration in support of plaintiffs' motion for a temporary restraining order.   Defendants lack sufficient knowledge or information to either admit or deny the contentions made by Ms. Harper in her declaration. Consequently, those contentions are denied.

7.  The allegations in paragraph seven are denied.

8.  The allegations in paragraph eight are denied.

9.  The allegations in paragraph nine are denied.

10.  Defendants admit the first sentence in paragraph ten.  As to the second and third sentences in paragraph ten, defendants admit only that aliens seeking asylum, withholding of removal, or relief under the Convention Against Torture may file a motion to reopen alleging changed circumstances in their country of nationality.

11.  Defendants admit only that the BIA decision, In Re A-A-S-, granted reopening to an alien.

12.  The allegations in paragraph 12 are denied.

13.  The allegations in paragraph 13 are denied.

14.  Defendants admit only that, on the December 7, 2017 repatriation flight, normal security measures were taken by ICE officials responsible for maintaining the safety and security of the flight.

15.  The allegations in paragraph 15 are denied.

16.  The allegations in paragraph 16 are admitted.

17.  The allegations in paragraph 17 are denied.

18.  The allegations in paragraph 18 are denied.

19.  The allegations in paragraph 19 are denied.

20.  The allegations in paragraph 20 are admitted.

21.  The allegation in paragraph 21 is denied.

22.  Defendants deny that any excessive, unreasonable, or unnecessary force was used on the detainees on board the chartered flight to Somalia.

23.  The allegations in paragraph 23 are denied.

24.  Defendants admit that normal security precautions were employed on the flight to repatriate 92 Somalis to their native country, which departed the United States on December 7, 2017.

25.  The allegations in paragraph 25 are admitted.

26.  This is plaintiffs' prayer for relief.   To the extent a response is required, the allegations in paragraph 26 are denied.

27.  This is plaintiffs' prayer for relief.  To the extent a response is required, the allegations in paragraph 27 are denied.

<u>STATEMENT OF EMERGENCY</u>

28.  Defendants admit it intended to place the 92 Somalis onboard a flight on December 20, 2017, to repatriate them to Somalia.  The allegations in the second sentence in paragraph 28 are denied.

<u>VENUE</u>

29.  The allegations in paragraph 29 are admitted.

3

JURISDICTION

30.  The allegations in paragraph 30 are denied.

31.  The allegations in paragraph 31 are denied, except that the Court does have habeas

jurisdiction under 28 U.S.C. § 2241.

32.  The allegations in paragraph 32 are denied.

PARTIES

33.  The allegation in paragraph 33 is admitted.

34.  The allegation in paragraph 34 is admitted.

35.  The allegation in paragraph 35 is admitted.

36.  The allegations in paragraph 36 are admitted.

37.  The allegation in the first sentence of paragraph 37 is admitted.   The allegation in

the second sentence is denied.

38.  The allegations in paragraph 38(a) – (d) are denied.

39.  The allegations in paragraph 39 are denied.

40.  Defendants lack sufficient knowledge or information to either admit or deny the

allegations in paragraph 40.   Consequently, the allegations are denied.

41.  The allegation in paragraph 41 is admitted.

42.  The allegation in paragraph 42 is admitted.

43.  The allegation in paragraph 43 is admitted.

44.  Defendants lack sufficient knowledge or information to either admit or deny the

allegations in paragraph 44.   Consequently, the allegations are denied.

45.  The allegation in paragraph 45 is admitted.

46.  The allegations in paragraph 46 are admitted.

47.   Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 47.   Consequently, the allegations are denied.

48.   The allegations in paragraph 48 are admitted.

49.   Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 49.   Consequently, the allegations are denied.

50.   Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 50.  Consequently, the allegations are denied.

51.   Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 51.  Consequently, the allegations are denied.

52.   Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 52.   Consequently, the allegations are denied.

53.   Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 53.   Consequently, the allegations are denied.

54.   The allegation in paragraph 54 is admitted.

55.   The allegation in paragraph 55 is admitted.

56.   Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 56.   Consequently, the allegations are denied.

57.   Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 57.   Consequently, the allegations are denied.

58.   The allegations in paragraph 58 are admitted.

59.   The allegation in paragraph 59 is admitted.

60.   Defendants admit only that plaintiff Mohamed was shackled with chains on his wrists, waist, and legs.   The remainder of the allegations are denied.

61.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 61.  Consequently, the allegations are denied.

62.  The allegations in paragraph 62 are denied.

63.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 63.  Consequently, the allegation is denied.

64.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 64.   Consequently, the allegations are denied.

65.  The allegations in paragraph 65 are admitted.

66.  The allegation in paragraph 66 is admitted.

67.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 67.   Consequently, the allegations are denied.

68.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 68.   Consequently, the allegations in paragraph 68 are denied.

69.  The allegations in paragraph 69 are admitted.

70.  The allegation in paragraph 70 is admitted.

71.  Defendants admit only that plaintiff Jimcale Abdullah was shackled on his wrists, waist, and legs.   The remainder of the allegation in paragraph 71 is denied.

72.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 72.   Consequently, the allegations are denied.

73.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraphs 73(a) – (d).   Consequently, the allegations are denied.

74.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 74.  Consequently, the allegation is denied.

75.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 75.   Consequently, the allegations are denied.

76.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 76.   Consequently, the allegations are denied.

77.  The allegations in paragraph 77 are admitted.

78.  The allegation in paragraph 78 is admitted.

79.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 79.  Consequently, the allegations are denied.

80.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 80.   Consequently, the allegations are denied.

81.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 81.  Consequently, the allegations are denied.

82.  Defendants admit only that plaintiff Abdiwali Ahmed Siyad was ordered removed by and immigration judge.

83.  The allegation in paragraph 83 is admitted.

84.  Defendants admit only that plaintiff Siyad was shackled with chains on his wrists, waist, and legs.   The remainder of the allegation in paragraph 84 is denied.

85.   Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 85.   Consequently, the allegation is denied.

86.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 86.   Consequently, the allegation is denied.

87.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 87.   Consequently, the allegation is denied.

88.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 88.   Consequently, the allegation is denied.

89.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 89.   Consequently, the allegation is denied.

90.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 90.   Consequently, the allegation is denied.

91.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 91(a) –(b).   Consequently, the allegations are denied.

92.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 92(a) – (b).   Consequently, the allegations are denied.

93.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 93.   Consequently, the allegation is denied.

94.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 94.   Consequently, the allegations are denied.

95.  The allegation in paragraph 95 is admitted.

96.  The allegation in paragraph 96 is admitted.

97.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 97.   Consequently, the allegations are denied.

98.  Defendants admit only that plaintiff Abdirashed Mohamed was ordered removed by an Immigration Judge, and he did not file an appeal.

99.  The allegation in paragraph 99 is admitted.

100.  Defendants admit that plaintiff was shackled on his wrists, waist, and legs.   The remainder of the allegations are denied.

101.  The allegations in paragraph 101 are denied.

102.  Defendants deny that plaintiff's eye is damaged.   Defendants lack sufficient knowledge or information to either admit or deny that plaintiff's vision is extremely blurry. Consequently, that allegation is denied.

103.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 103.   Consequently, the allegation is denied.

104.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 104.   Consequently, the allegation is denied.

105.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 105.   Consequently, the allegation is denied.

106.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 106.   Consequently, the allegation is denied.

107.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 107.   Consequently, the allegation is denied.

108.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 108.   Consequently, the allegation is denied.

109.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 109.   Consequently, the allegation is denied.

110.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 110.   Consequently, the allegation is denied.

111.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 111.   Consequently, the allegation is denied.

112.  Defendants admit the first sentence in paragraph 112.  Defendants lack sufficient

9

knowledge or information to either admit or deny the allegation in the second sentence of paragraph 112.   Consequently, the allegation in the second sentence is denied.

113.  The allegation in paragraph 113 is admitted.

114.  The allegations in paragraph 114 are admitted.

115.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 115.   Consequently, the allegations are denied.

116.  Defendants admit the first sentence in paragraph 116.  As to the second sentence, defendants admit only that plaintiff was shackled on his wrists, waist, and legs.

117.  The allegations in paragraph 117 are denied.

118.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 118 .   Consequently, the allegation is denied.

119.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 119.   Consequently, the allegation is denied.

120.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 120.   Consequently, the allegation is denied.

121.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 121.   Consequently, the allegation is denied.

122.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 122.   Consequently, the allegation is denied.

<u>Defendants</u>

123.  Defendants admit the first two sentences of paragraph 123.  The third sentence in paragraph 123 is denied.

124.  The allegations in paragraph 124 are admitted.

125.  The allegations in paragraph 125 are admitted.

126.  The first two sentences in paragraph 126 are admitted.   The last two sentences in paragraph 126 are denied.

127.  The allegations in paragraph 127 are admitted.

<u>STATEMENT OF FACTS</u>

128.  The allegations in paragraph 128 are admitted, except that defendants deny plaintiffs are class members.

129.  The allegations in paragraph 129 are admitted.

130.  The allegations in paragraph 130 are denied.

131.  The allegations in paragraph 131 are denied.

132.  The allegations in paragraph 132 are denied.

133.  The allegations in paragraph 133 are denied.

134.  The allegations in paragraph 134 are denied.

<u>BACKGROUND ON CONDITIONS IN SOMALIA</u>

135.  The allegations in paragraph 135 are admitted.

136.  The allegations in paragraph 136 are admitted.

137.  The allegations in paragraph 137 are admitted.

138.  Defendants deny the first sentence in paragraph 138.  Defendants admit the second sentence in paragraph 138.   Defendants admit the third sentence in paragraph 138.   Defendants lack sufficient knowledge or information to either admit or deny the allegation in in the fourth sentence in paragraph 138.  Consequently, the allegation is denied.

<u>U.S. DEPORTATIONS TO SOMALIA</u>

139.  The allegations in paragraph 139 are denied.

140.  The allegations in paragraph 140 are admitted.

141.  The allegations in paragraph 141 are admitted.

142.  The allegation in paragraph 142 are denied.

143.  The allegations in paragraph 143 are admitted.

144.  The allegations in paragraph 144 are admitted.

145.  The allegations in paragraph 145 are denied.  ICE has sought to enforce existing removal orders.

<u>THE DECEMBER 7 FLIGHT</u>

146.  The allegations in paragraph 146 are denied.

147.  Defendants admit only that, in preparation for the flight to Somalia, Somali citizens with final orders of removal were transported to Louisiana.

148.  The allegations in paragraph 148 are denied.

149.  The allegations in paragraph 149 are admitted.

150.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 150.   Consequently, the allegations are denied.

151.  Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 151.   Consequently, the allegations are denied.

152(a).  The allegation in paragraph 152(a) is admitted.

152(b).  The allegation in paragraph 152(b) is admitted.

152(c).  The allegation in paragraph 152(c) is admitted.

152(d).  Defendants admit that where calculated use of force is contemplated, medical or mental health staff must be consulted before force is applied to a detainee who has medical issues requiring special precautions.

12

152(e).  The allegation in paragraph 152(e) is denied.

152(f).  The allegation in paragraph 152(f) is denied.  Detainees placed in ambulatory restraints require a shift supervisor to conduct a physical check every two hours.

152(g).  The allegations in paragraph 152(g) are admitted.

153.  The allegations in paragraphs 153(a) – (e) are admitted.

154.  The allegations in paragraph 154 are denied.

155.   The allegations in paragraph 155 are admitted.

156.  The allegations in paragraph 156 are admitted.

157.  The allegations in the first sentence are admitted.   The allegation in the second sentence of paragraph 157 is denied.

158.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in paragraph 158.   Consequently, the allegation is denied.

159.  The allegations in paragraph 159 are admitted.

160.  The allegations in paragraph 160 are admitted.

161.  The allegations in paragraph 161 are denied.

162.  The allegations in paragraph 162 are denied.  The Government of Senegal denied permission for the detainees to deplane.

163.  The allegations in paragraph 163 are denied.

164.  The allegations in paragraph 164 are denied.

165.  The allegations in paragraph 165 are denied.

166.  The allegations in paragraph 166 are denied.

167.  The allegations in paragraph 167 are denied.

168.  The allegations in paragraph 168 are denied.

169.  The allegations in paragraph 169 are denied.

170.  The allegations in paragraph 170 are admitted.

171.  The allegations in paragraph 171 is admitted.

172.  The allegations in paragraph 172 are admitted.

173.  The allegations in paragraph 173 are admitted.

<u>INCREASED DANGER DUE TO THE DECEMBER 7 FLIGHT</u>

174.  Defendants deny that its attempt to enforce the immigration laws by executing removal orders for 92 Somalis was ill-conceived and/or inhumane, or that Somalia is a war zone.

175.  Defendants admit only that the December 7, 2017 flight has been reported widely in the news media.   The remainder of the allegations in paragraph 175 are denied.

176.  The allegations in paragraph 176 are denied.

177.   The allegations in paragraph 177 are denied.

178.  Defendants lack sufficient knowledge or information to either admit or deny the first sentence in paragraph 178.   Consequently, the allegation is denied.  Defendants admit the second sentence in paragraph 178.

179.  The allegations in paragraph 179 are denied.

180.  The allegation in paragraph 180 is admitted.

181.  The allegations in paragraph 181 are denied.

182.  The allegations in paragraph 182 are denied.

<u>LEGAL FRAMEWORK</u>

183.  The allegations in paragraph 183 are admitted.

184.  The allegations in paragraph 184 are admitted.

185.  The allegations in paragraph 185 are admitted.

186.  The allegations in paragraph 186 are admitted.

187.  Defendants lack sufficient knowledge or information to either admit or deny the allegation in the first sentence of paragraph 187.   Consequently, the allegation is denied.  The second sentence in paragraph 187 is admitted.  The third sentence in paragraph 187 is denied.

188.  The allegations in paragraph 188 are admitted.

189.  The allegations in paragraph 189 are denied.

190.  Defendants admit only that the INA provides an alien the right to counsel at the alien's own expense, and the alien is entitled to a fundamentally fair hearing in his or her removal proceeding.

191.  The allegations in paragraph 191 are denied.

192.  The allegations in paragraph 192 are in the nature of a prayer for relief.   To the extent a response is required, the allegations in paragraph 192 are denied.

## CLASS ACTION ALLEGATIONS

193.  This is plaintiffs' characterization of their claim, which requires no response.  To the extent a response is required, defendants deny that plaintiffs are entitled to class-wide injunctive relief.[1]

194.  Defendants deny the allegations in paragraph 194.

195.  Defendants deny the allegations in paragraph 195.

196.  Defendants deny the allegations in paragraph 196.

197.  Defendants deny the allegations in paragraph 197.

198.  Defendants deny the allegations in paragraph 198.

199.  Defendants deny the allegations in paragraph 199.

---

[1] On February 16, 2018, defendants filed their response in opposition to plaintiffs' motion for class certification. D.E. 93.

200. Defendants deny the allegations in paragraph 200.

201. Defendants deny the allegations in paragraph 201.

<u>CAUSES OF ACTION</u>

<u>COUNT I</u>

Prohibition on Removal to Country Where Individual Would
Face Persecution or Torture

202. Defendants reassert and incorporate by reference its answers set forth in response to paragraphs 1 through 201 above.

203. The allegations in paragraph 203 are admitted.

204. Defendants admit that withholding of removal is mandatory under 8 U.S.C. § 1231(b)(3). The second sentence in paragraph 204 is admitted.

205. The allegations in paragraph 205 are denied.

206. Defendants deny the allegations in paragraph 206. Defendants discharged their duties under the INA and international treaties by providing plaintiffs with removal hearings in which they could assert claims for asylum, withholding of removal, and relief under the Convention Against Torture.

<u>COUNT II</u>

Prohibition on Removal to Country Where Individual Would Face Persecution Or
Torture Without Due Process Guaranteed by Constitution

207. Defendants reassert and incorporate by reference its answers set forth in response to paragraphs 1 through 206 above.

208. The allegations in paragraph 208 are admitted.

209. The allegations in paragraph 209 are denied. An alien does not have a protected liberty interest in a motion to reopen a removal proceeding.

16

210.  The allegations in paragraph 210 are denied.

## COUNT III

Prohibition on Transfer of Immigration Detainees Away from Counsel

211.  Defendants reassert and incorporate by reference its answers set forth in response to paragraphs 1 through 210 above.

212.  The first sentence in paragraph 212 is admitted.  The second sentence in paragraph 212 is denied.

## ATTORNEYS' FEES

213.  The allegations in paragraph 213 are denied.  Title 42, United States Code, § 1988(b) does not apply to the United States Government.

## RELIEF REQUESTED

No response is required to plaintiffs' prayer for relief.  To the extent a response is needed, however, defendants deny the allegations contained in the prayer.

\* \* \*

Defendants deny each and every allegation not specifically admitted or denied above.

## AFFIRMATIVE DEFENSES

1.  This Court lacks subject matter jurisdiction to review plaintiffs' orders of removal.  8 U.S.C. §§ 1252(a)(5); 1252(b)(9); and 1252(g).

2.  Plaintiffs, as aliens with final orders of removal, have no protected liberty interest in a

motion to reopen their removal proceeding.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY


By:     ___s/ Dexter A. Lee_____
DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
99 N.E. 4th Street, Suite 300
Miami, Florida  33132
(305) 961-9320
Fax:  (305) 530-7139
E-mail:  dexter.lee@usdoj.gov

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 8, 2018, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.


___s/ Dexter A. Lee_____
DEXTER A. LEE
Assistant U.S. Attorney

## SERVICE LIST

Farah Ibrahim, et al. v. Juan Acosta, et at.,
Case No. 17-24574-CIV-GAYLES
United States District Court, Southern District of Florida

Rebecca Sharpless
Fla. Bar No. 0131024
Immigration Clinic
University of Miami School of Law
1311 Miller Drive Suite E-273
Coral Gables, Florida  33146
(305) 284-3576 (direct)

(305) 284-6092 (clinic)
rsharpless@law.miami.edu

ATTORNEY FOR PLAINTIFFS

Dexter A. Lee, AUSA
Office of the U.S. Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida  33132
(305) 961-9320
Fax:  (305) 530-7139
E-mail:  dexter.lee@usdoj.gov

ATTORNEY FOR DEFENDANTS