UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-cv-24574-GAYLES

Farah IBRAHIM, Ibrahim MUSA, Khalid Abdallah MOHMED, Ismail JIMCALE ABDULLAH, Abdiwali Ahmed SIYAD, Ismael Abdirashed MOHAMED, and Khadar Abdi IBRAHIM, on behalf of themselves and all those similarly situated,

        Plaintiffs/Petitioners,

v.

Juan ACOSTA, Assistant Field Officer Director, Miami Field Office, Immigration and Customs Enforcement; David HARDIN, Sheriff of Glades County; Marc J. MOORE, Field Office Director, Miami Field Office, Immigration and Customs Enforcement; Thomas HOMAN, Acting Director, Immigration and Customs Enforcement; Kirstjen NIELSEN, Secretary of Homeland Security,

        Defendants/Respondents.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion for Class Certification (the "Motion") [ECF No. 4]. The Court has reviewed the Motion, the parties' briefs and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion shall be granted.

**I.    BACKGROUND**[1]

Named Plaintiffs, Farah Ibrahim, Ibrahim Musa, Khalid Abdallah Mohmed, Ismail Jimcale, Abdiwali Ahmed Siyad, Ismael Abdirashed Mohamed, and Khadar Abdi Mohamed, are

---

1 These facts, accepted as true, are taken from the allegations in Plaintiffs' Complaint and their supporting declarations and affidavits. Respondents have failed to produce any evidence to dispute the allegations.

1

Somali nationals with final orders of removal who were present during United States Immigration and Customs Enforcement's ("ICE") unsuccessful attempt to deport them on a December 7, 2017, flight. Plaintiffs allege they were subjected to inhumane conditions and egregious abuse on the December 7th flight. Plaintiffs further contend that the international news attention surrounding the botched deportation flight has exacerbated circumstances that now make their return to Somalia unsafe. In their Complaint, Plaintiffs seek habeas and injunctive relief pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1331, seeking the opportunity to move to reopen their removal cases to assert claims for asylum, withholding of removal, or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("Convention Against Torture") based on new circumstances that did not exist at the time their initial removal orders were entered. Plaintiffs seek to stay their removals until their motions to reopen are heard.

Plaintiffs initially sought to represent and certify a class defined as "All persons with final orders of removal and currently facing removal to Somalia who are located within the jurisdiction of the Miami ICE Field Office [], including all persons whom ICE sought to deport to Somalia on the December 7, 2017 contract flight." *See* [ECF No. 4, ¶ 1]. Plaintiffs have since filed a supplemental brief narrowing the proposed class definition to the "92 individuals[2] with removal orders who were present on the December 7, 2017, attempted flight to Somalia." *See* [ECF No. 112, p.3].

## II.  DISCUSSION

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. The party seeking certification must satisfy the four threshold requirements of Rule 23(a) that: "(1)

---

2  The Court notes that subsequent to briefing on the Motion, twenty eight (28) putative class members opted-out of this action [ECF Nos. 71, 118, 125, 129, 143] leaving the current number of putative class members at 64.

the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The "putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in 23(b)." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004). A class is properly certified under Rule 23(b)(2) "when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no fixed rule, generally a class size less than twenty-one is inadequate, while a class size of more than forty is adequate. *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 489-90 (S.D. Fla. 2003) (citing *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)). As part of the numerosity analysis, a court must determine whether the class definition is adequate and whether an identifiable class can be ascertained from objective criteria. *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014); *O'Neill v. The Home Depot U.S.A., Inc.*, 243 F.R.D. 469, 477 (S.D. Fla. 2006).

As a threshold matter, Defendants argue that Plaintiffs have failed to establish the prerequisite of an adequately defined and ascertainable class because Plaintiffs have advanced varying proposed class definitions. Defendants argue that the inclusion of "all persons with final orders of removal . . . whom ICE is seeking or will be seeking to deport to Somalia" in Plaintiff's

initial proposed class definition renders the class unascertainable. However, Plaintiffs subsequently revised their proposed class definition and eliminated this arguably unascertainable provision. *See Cliff v. Payco Gen. Am. Credits, Inc.,* 363 F.3d 1113, 1133 n. 16 (11th Cir. 2004) (noting "that class definitions may undergo modification, possibly several times, during the course of a class action."). Set forth at present, the Court finds that the class definition of "92 individuals with removal orders who were present on the December 7, 2017, attempted flight to Somalia" is adequately defined and ascertainable. In addition, while unchallenged by Defendants, the Court finds that the class size of 64 individuals is sufficient to satisfy the numerosity requirement. *See Salas-Mateo v. Ochoa,* 03-14357-CIV, 2004 WL 1824124, at *2 (S.D. Fla. Mar. 26, 2004) (finding putative class size of forty individuals sufficient to satisfy numerosity requirement); *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (finding putative class size of thirty-one individuals sufficient).

### B. Commonality

To obtain class certification, Plaintiffs must establish that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Dukes*, 564 U.S. at 350 (internal quotations omitted). The common contention of injury "must be of such a nature that it is capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "What matters to class certification . . . is . . . the capacity of a class wide proceeding to generate common answers apt to drive the resolution of the litigation. *Id.* (citation omitted). Commonality is met where, notwithstanding some factual differences in the putative class members' claims, the controlling questions of law and fact are common to the entire class. *See Cooper v. S. Co.*,

390 F.3d 695, 714 (11th Cir. 2004) *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006) (stating that "factual differences among the claims of the putative class members do not defeat certification.").

The class meets the commonality requirement of Rule 23(a)(2) because the questions of law and fact to be resolved in this action are common to the members of the class. According to the Complaint, the putative class members' claims arise out of a common nucleus of fact in that they have final orders of removal, they were present on the attempted December 7th deportation flight to Somalia, and they contend that the circumstances surrounding the December 7th flight have impacted their risk of being tortured or persecuted upon return to Somalia. The putative class members have raised common issues of law in this action as to whether due process entitles them to an opportunity to move to reopen their immigration cases to assert claims for asylum, withholding of removal, or relief under the Convention Against Torture based on changed conditions. Finally, the claims raised in this action are capable of class-wide resolution as any relief ultimately awarded by the Court will be as to all of the class members or none of the class members.

### C. Typicality

The typicality requirement is centered on the relationship between the proposed class representatives and the other members of the class. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The typicality requirement ensures that the interests of the named plaintiffs are the same as those of the class. *See Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1275 (11th Cir. 2009). The typicality analysis turns on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs, and whether other class

members have been injured by the same course of conduct." *In re Checking Account Overdraft Litig.,* 286 F.R.D. 645, 653 (S.D. Fla. 2012).

As discussed above, the claims and legal theories advanced by the named Plaintiffs are typical to those of the putative class members as all class members seek an opportunity to move to reopen their immigration cases based on changed circumstances arising, at least in part, from the December 7th flight. *See Dukes,* 564 U.S. at 349 n.5 (noting that the commonality and typicality requirements tend to overlap as they serve as "guideposts for determining . . . whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."). While there may be factual differences among the class members' claims to be presented before the immigration courts, the Court finds that the issues raised by the named Plaintiffs *in this action* are typical of the claims of the other class members.

### D.     Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The requirement of adequate representation addresses two issues: "(1) whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation and . . . (2) whether plaintiffs have interests antagonistic to those of the rest of the class." *See Cheney*, 213 F.R.D. at 495 (quoting *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726 (11th Cir. 1987). Because Defendants do not dispute that Plaintiffs' attorneys are sufficiently qualified and experienced to conduct this litigation, the Court turns directly to the second prong of the analysis.

Named Plaintiffs argue that their interests are not in conflict with the interests of the class members they seek to represent because the entire class shares the common goal of enjoining

their deportation to Somalia until the immigration courts have had the opportunity to consider their motions to reopen. Defendants argue that named Plaintiffs are not adequate representatives because their interests conflict with the interests of some of the proposed class members who may not want to file a motion to reopen or have already expressed their desire to be excused from this action and immediately removed to Somalia or an alternate country that will accept them. Defendants contend that the actions of the named Plaintiffs in seeking to stay removal of the class directly conflict with the stated intentions of several of the putative class members. In response, Plaintiffs argue that the relief they are seeking is to provide class members with the *opportunity* to move to reopen their removal orders, but that class members may decide for themselves whether to avail themselves of that opportunity or pursue any other form of relief that they may have available.

At first glance, Defendants' arguments are not without merit. Indeed, several putative class members have moved to be excused from this litigation and returned to Somalia rather than remain in detention and pursue motions to reopen before the immigration courts. However, Plaintiffs have taken efforts—in the interests of all class members—to ensure that any putative class members who do not wish to be included in this litigation can "opt-out" and be subject to immediate removal. *See* [ECF Nos. 84, 117]. As Plaintiffs have pursued the instant relief on behalf of putative class members who wish to reopen their removal proceedings and facilitated the wishes of other putative class members who do not want to reopen their proceedings, the Court finds that Plaintiffs will fairly represent the interests of the class.

E.  **Rule 23(b)(2)**

Where the prerequisites under Rule 23(a) have been met, under Rule 23(b)(2), Plaintiffs must still demonstrate that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is

7

appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The critical inquiry is whether the class members have suffered a common injury that may properly be addressed by class-wide injunctive or equitable relief. *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 (11th Cir. 1983) (noting that Rule 23(b)(2) "by its terms, clearly envisions a class defined by the homogeneity and cohesion of its members' grievances, rights and interests.") (citations omitted); *Dukes*, 564 U.S. at 360 ("The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'") (citations omitted).

Plaintiffs have demonstrated that Defendants have acted on common grounds as to the putative class members as evidenced by Defendants attempts to immediately remove them to Somalia. The putative class members share a common injury in that their immediate removal would effectively preclude their ability to exercise their statutory right to move to reopen their removal cases. Further, the class-wide injunctive relief that may potentially be awarded in this action would address the common injuries shared by the class members. Accordingly, the Court finds that the requirements of Rule 23(b)(2) have been met.

### F.     Appointment of Class Counsel

Rule 23(g)(1) provides that "unless a statute provides otherwise, a court that certifies a class must appoint class counsel." *See* Fed. R. Civ. P. 23(g)(1). The relevant factors for the Court to consider in appointing class counsel are: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A).

In consideration of the above factors, and the substantial efforts they have undertaken in this litigation to date, the Court finds it appropriate to appoint counsel for named Plaintiffs as class counsel in this action.

### G. Conclusion

Accordingly, and after careful consideration, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Class Certification [ECF No. 4] is **GRANTED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of June, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE