## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 17-cv-24574-GAYLES

Farah IBRAHIM, Ibrahim MUSA, Khalid
Abdallah MOHMED, Ismail JIMCALE
ABDULLAH, Abdiwali Ahmed SIYAD, Ismael
Abdirashed MOHAMED, and Khadar Abdi
IBRAHIM, on behalf of themselves and all those
similarly situated,

           Plaintiffs/Petitioners,

v.

Juan ACOSTA, Assistant Field Officer Director,
Miami Field Office, Immigration and Customs
Enforcement; David HARDIN, Sheriff of Glades
County; Marc J. MOORE, Field Office Director,
Miami Field Office, Immigration and Customs
Enforcement; Thomas HOMAN, Acting Director,
Immigration and Customs Enforcement; Kirstjen
NIELSEN, Secretary of Homeland Security,

           Defendants/Respondents.

                                        /

## ORDER

THIS CAUSE is before the Court on Defendants-Respondents' Motion to Dismiss for Lack

of Subject Matter Jurisdiction (the "Motion to Dismiss") [ECF No. 169]. The Court has considered

the record, arguments of counsel, and the briefing in this case. For the reasons set forth below, the

Court agrees that it no longer can exercise subject matter jurisdiction over this case and,

accordingly, the Motion to Dismiss shall be **GRANTED**.

## BACKGROUND[1]

### I.      The December 7, 2017, Flight

This case concerns the due process rights of foreign nationals with removal orders. In 2017, United States Immigration and Customs Services ("USCIS") changed their longstanding policy with regard to outstanding removal orders on Somali nationals. Many of these nationals had, for decades, been allowed to remain in the United States under the terms of Orders of Supervision. *See* 8 CFR § 241.5. The long-standing policy recognized that removal to Somalia was virtually impossible, due to Somalia's lack of a functioning central government, but the abrupt change meant that Somali nationals were removed in increased numbers and frequency.

Plaintiffs, a group of Somali nationals, filed this action after their removal on December 7, 2017, went wrong. The group of 92 men and women were left to sit on a plane in Dakar, Senegal, for approximately 23 hours. During that time, they suffered allegedly inhumane conditions without reprieve. Ultimately, the group was returned to the United States amid a flurry of international press coverage. Critically, Immigration and Customs Enforcement ("ICE") attempted to remove Plaintiffs without giving them an opportunity to file motions to reopen their immigration cases based on changed circumstances, as the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.*, provides. And ICE represented to this Court that they were planning on imminently removing the group again, despite the botched attempt and Plaintiffs' inability to file motions to reopen in that timeframe.

Plaintiffs represented, and Defendants did not dispute, that all Plaintiffs were entitled to file motions to reopen under 8 U.S.C. § 1229a(c)(7). Plaintiffs also claimed that motions to reopen

---

[1] The Court adopts and incorporates the recitation of facts set forth in its prior Order on Defendants-Respondents Motion to Dismiss for Lack of Subject Matter Jurisdiction on January 26, 2018. [ECF No. 58].

required a meaningful evidentiary process, including the ability to consult with legal counsel, access their immigration files, and provide witnesses. This process, according to Plaintiffs, could not be completed from Somalia. Additionally, Plaintiffs represented that their lives were in peril should they be returned to Somalia.

## II.      Procedural History

On December 18, 2017, Plaintiffs filed their Class Action Complaint [ECF No. 1] and Emergency Motion for Temporary Restraining Order and/or Stay of Removal [ECF No. 3]. The Court held an emergency hearing on December 19, 2017. [ECF No. 10]. At the hearing, Defendants posited that the Court lacked subject-matter jurisdiction over this action. The Court ordered jurisdictional briefing and, on January 8, 2018, heard argument on the jurisdictional issue. On January 26, 2018, the Court ruled that it had limited subject matter jurisdiction over the case in light of the exceptional circumstances the case presented. [ECF No. 58]. Accordingly, the Court temporarily enjoined the government from removing Plaintiffs from the United States until they had a chance to file motions to reopen as guaranteed to them under 8 U.S.C. § 1229a(c)(7).

Defendants filed the instant Motion to Dismiss on August 24, 2019. [ECF No. 169]. Defendants argued that this Court no longer had subject matter jurisdiction over this case because the motions to reopen had all been adjudicated. As a corollary, this meant that the Attorney General of the United States had power to remove those individuals whose motions to reopen were denied. 8 U.S.C. § 1252(g). Plaintiffs responded on September 14, 2018. [ECF No. 174]. Plaintiffs argued that habeas relief, and thus the Court's jurisdiction, extended through the appeals process outlined in the Immigration and Nationality Act. [*Id.*].

At this point, all Plaintiffs have had a reasonable opportunity to file motions to reopen. Most have been granted and those Plaintiffs have accordingly been dismissed from this action. The

few Plaintiffs whose motions have been denied may seek appellate review and stays of removal with the Board of Immigration Appeals.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). That power "is not to be expanded by judicial decree." *Id.* "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001).

## DISCUSSION

The question in this case is once again whether the Court has subject matter jurisdiction, now that all motions to reopen have been adjudicated. Plaintiffs contend that subject matter jurisdiction exists so long as the Somali nationals pursue the "process"—meaning through a full adjudication of their appeals. Defendants argue that adjudication of the motions to reopen divests this Court of subject matter jurisdiction.

The answer exists in the Court's prior discussion of the intersection between the immigration statutes and the Suspension Clause. As previously observed by the Court, individuals who have been ordered removed from the United States have the right to file motions to reopen their immigration cases. [ECF No. 58, at 7 (citing 8 U.S.C. § 1229a(c)(7))]. But Congress has also vested the Attorney General with broad removal power and divested jurisdiction from the courts over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien . . . ." 8 U.S.C. § 1252(g). These two clauses conflict when, as happened here, an alien who has been ordered removed has not had a meaningful opportunity to file a motion to reopen his or her immigration case. *See* [ECF No. 58, at 7 (citing *Kucana v. Holder*, 558 U.S. 233, 242 (2010) for the proposition that the motion to reopen process is "an important safeguard intended to ensure a proper and lawful disposition of immigration proceedings") (internal quotations omitted)].

The Court found limited jurisdiction here because Defendants denied Plaintiffs meaningful opportunities to file motions to reopen before deporting them. [*Id.* at 11 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 300 (2001) and *Swain v. Pressly*, 430 U.S. 372, 381 (1977))]. The Court reasoned that although section 1252(g) generally divests district courts of jurisdiction to review claims challenging governmental decisions to execute removal orders, the government's actions here violated the Suspension Clause because they deprived Plaintiffs of a meaningful opportunity to exercise their statutory right to file motions to reopen their immigration cases in a manner that comports with the onerous statutory and regulatory requirements. [*Id.*]. Accordingly, the Court had limited jurisdiction to ensure that Plaintiffs had meaningful opportunities to file motions to

reopen—a right guaranteed to them under federal law. Thus, the Court stayed the removal orders as to these Plaintiffs because this case presented "unique circumstances." [*Id.* at 12]

The unique circumstances warranted pausing removal for long enough to ensure that Plaintiffs could file their motions to reopen. They have done so. Plaintiffs whose motions were denied now ask the Court to retain jurisdiction through a full adjudication of their appeals to protect them from being deported while their motions are on appeal. But the immigration court now has jurisdiction over the appeals and corresponding stays of removal. This Court cannot extend its limited jurisdiction in this matter as Plaintiffs have been afforded the rights to which they were entitled.[2]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [ECF No. 169] is **GRANTED.** This cause shall be dismissed **WITHOUT PREJUDICE**. The Clerk of the Court is directed to administratively close this case. All pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] The Court is mindful of the plight of those Plaintiffs whose motions to reopen were denied by the immigration court. The Court hopes the government will delay removal of these Plaintiffs until after their appeals are completed to give them the opportunity to litigate these cases while present in the United States. But a district court has no jurisdiction to oversee an immigration appeal. Indeed, the district courts are not included in the statutory landscape of immigration appeals. *See* 8 U.S.C. § 1252(b), (g).